**Harvey H. JACKSON et al., Plaintiffs-Appellants,**

v.

**STATE OF CALIFORNIA et al., Defendants-Appellees.**

No. 26651.

United States Court of Appeals, Ninth Circuit.

April 28, 1972.

Rehearing Denied May 23, 1972.

Harvey H. Jackson, pro se.

Anthony M. Summers, Deputy Atty. Gen. (argued), Thomas C. Lynch, California Atty. Gen., Los Angeles, Cal., for defendants-appellees.

Before MERRILL and TRASK, Circuit Judges, and FERGUSON, District Judge *.

PER CURIAM:

■ Appellants brought this action seeking injunctive relief from the operation of California's constitutional and statutory provisions limiting appropriation of public funds for education to the support of public schools. They seek to require the state to establish a system of "tuition grants" to parents of school-age children which the parents could then utilize to provide education for their children in nonpublic elementary and secondary schools. Appellants essentially contend that the present state provisions violate their right to free exercise of religion as granted by the First Amendment, and that they also violate the equal protection clause of the Fourteenth Amendment.[1] They sought the convening of a three-judge District Court. This was denied on the ground that no substantial federal question was presented, and judgment was rendered for the state.

The precise questions noted above which are presented by this appeal have been decided adversely to appellants by a three-judge District Court convened in the Eastern District of Missouri. Brusca v. Missouri ex rel. State Board of Education, 332 F.Supp. 275 (E.D.Mo. 1971). We have deferred decision in this case awaiting the outcome of the appeal in *Brusca*. The Supreme Court has now affirmed the judgment of the District Court in that case. 405 U.S. 1050, 92 S.Ct. 1493, 31 L.Ed.2d 786 (1972).

On the authority of *Brusca*, judgment is affirmed.

---

* Honorable Warren J. Ferguson, United States District Judge for the Central District of California, sitting by designation.

1. Several additional allegations are made which we find wholly insubstantial. Appellants suggest that the present system of public education in California violates the nonestablishment clause of the First Amendment by establishing an "irreligion" or "secular humanism" hostile to religion. The Supreme Court expressly rejected a similar argument in Engel v. Vitale, 370 U.S. 421, 433–435, 82 S.Ct. 1261, 8 L.Ed. 2d 601 (1962), when it said "[n]othing * * * could be more wrong" than to regard the absence of prayer in school as indicating "hostility toward religion;" the desired neutrality was "neither sacrilegious nor antireligious." We find no support for any contention that the California public school system is hostile to religion.

Appellants further suggest (in essentially a reformulation of their free exercise argument) that the present system places a condition of a waiver of First Amendment rights upon the enjoyment of a right to state appropriations. However, parents of school-age children do not have a right to general financial assistance for education. Rather, they may, if they choose, send their children to public schools, an opportunity some parents choose to forego because it is inconsistent with their desire for nonpublic education. As Mr. Justice Douglas stated in Sherbert v. Verner, 374 U.S. 398, 412, 83 S.Ct. 1790, 10 L.Ed.2d 965 (1963) (concurring opinion), quoted in *Brusca, infra* in text, 332 F.Supp. at 279, "[t]he fact that government cannot exact from [me] a surrender of one iota of [my] religious scruples does not, of course, mean that [I] can demand of government a sum of money, the better to exercise them."

Finally, appellants suffer no denial of the right to choose the kind of educational services they desire.